**Asmarech Tegegn WODINEH,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–70077.
Agency No. A74–806–647.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 25, 2004.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

Linda Pollack, Agguirre Lappin & Grande, San Diego, CA, Regional Counsel, Laguna Niguel, CA, Daniel E. Goldman, Esq., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Asamarech Tegegn Wodineh (Wodineh) appeals the Board of Immigration's affirmance without opinion of the decision of the Immigration Judge (IJ) denying her asylum and withholding of deportation based on an adverse credibility finding.

■ We are compelled to reject the IJ's adverse credibility finding. Wodineh's difficulty in converting dates and understanding questions posed through her translator is not a valid basis for an adverse credibility finding. See Zahedi v. INS, 222 F.3d 1157, 1166–67 (9th Cir.2000) (ruling that confusion over dates stemming from difficulties translating dates from the Islamic calendar to the Christian calendar cannot be a ground for finding the petitioner evasive).

■ The IJ's conclusion that Wodineh would not have been able to return to her pension department job after being released from prison is speculation and cannot serve as a basis for an adverse credibility finding. Ge v. Ashcroft, 367 F.3d 1121, 1124–25 (9th Cir.2004).

■ Finally, the IJ's finding that Wodineh's travel to other African countries undermined her claim of persecution cannot be the basis of an adverse credibility finding where the IJ did not address Wodineh's explanation of her actions. "An adverse credibility finding is not based on substantial evidence when the BIA [or the IJ] did not comment on [an applicant's] explanation, nor suggest any reason that it found the explanation not credible." Guo v. Ashcroft, 361 F.3d 1194, 1201 (9th Cir. 2004) (citation and quotation marks omitted).

Wodineh's voluntary departure period was automatically stayed when she filed a petition for review with this court before her time to voluntarily depart expired. Elian v. Ashcroft, 370 F.3d 897, 900–01 (9th Cir.2004). Her motion for a stay of her voluntary departure period is therefore moot.

Because the IJ did not reach the merits of Wodineh's claim after making an adverse credibility finding, we must remand for the IJ to consider her application in the first instance, taking her testimony as credible. INS v. Ventura, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Petition for Review GRANTED; Adverse credibility finding REVERSED; Application for Asylum and Withholding of Deportation REMANDED for proceedings consistent with this opinion.

■

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.